UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN F. VOS, | CASE NO. 1:08-cv-00041-SMS PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 9) |
| ANTHONY HESDGPETH, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Kevin F. Vos, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 9, 2008. On November 18, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. Plaintiff filed an amended complaint on January 20, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusions are not, id. at 1949.

## II.   Plaintiff's Amended Complaint

### A.   Allegations

Plaintiff is currently incarcerated at Kern Valley State Prison, where the events at issue in this action occurred. Plaintiff names current Warden Kelly Harrington, former Warden Mike Knowles, former Warden Anthony Hedgpeth, Chief Deputy Warden C. J. Chrones, and Captain H. Tyson as defendants, and seeks damages and a declaration that his rights were violated.[1]

Plaintiff was charged with resisting staff, a prison rules violation. On November 5, 2006, a prison disciplinary hearing was conducted and Plaintiff was found guilty of the reduced charge of disobeying a direct order. Plaintiff was sentenced to ninety days of in-cell confinement. As a result, Plaintiff was denied outdoor exercise from November 5, 2006, through January 21, 2007.

Plaintiff alleges that his confinement to quarters without exercise violated section 3322 of Title 15, which provides in relevant part that "[n]o inmate shall be kept in disciplinary segregation or confined to quarters more than ten days," and "[a]n inmate shall not be confined to quarters or otherwise deprived of exercise as a disciplinary disposition longer than ten days unless, in the opinion of the institution head, the inmate poses such an extreme management problem or threat to the safety of others that longer confinement is necessary." Cal. Code Regs., tit. 15 § 3322(a),(c) (West 2010). Further, extended confinement requires the director's written approval. Tit. 15, § 3322(c).

---

[1] Because Plaintiff's claims arise from past events which occurred in November 2006 through January 2007 while Plaintiff was serving a prison disciplinary sentence, the only relief available to Plaintiff in this action is damages. Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008); U.S. v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985).

In Plaintiff's situation, he was not subject to any of the circumstances that permit extending the confinement, and neither the institution head nor the director approved extended confinement. Plaintiff asserts violations of the Eighth Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, and violations of state law.

### B. Section 1983 Claims

#### 1. Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Inmates have a constitutional right to exercise under the Eighth Amendment, and the denial of the opportunity to exercise for almost three months is sufficiently serious to support a claim. Thomas, 611 F.3d at 1151-52. However, Plaintiff must allege adequate facts linking the defendants named in the complaint to the deprivation complained of.

In this instance, Plaintiff names the current warden, who had no involvement in his conditions of confinement in 2006 & 2007. The other defendants named were employed at the prison during some or all of the events, but Plaintiff fails to allege any specific facts supporting the claim that they knowingly disregarded a substantial risk of harm to his health. Conclusory assertions of involvement are insufficient. Iqbal, 129 S.Ct. at 1949-50.

The staff members who may be held liable for violating Plaintiff's rights are (1) those who knew he was being deprived of exercise for an extended period of time but failed to take corrective

3

action; or, if applicable, (2) those involved in creating or enforcing a policy or practice which authorized or led to extended detainment without exercise. Plaintiff has not alleged sufficient facts supporting the existence of a policy or practice of detaining inmates for extended periods of time without exercise or linking the named defendants to the policy. Plaintiff's general assertion that there was an illegal policy is not sufficient to state a claim.

## 2. Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff may not rely upon the existence of section 3322 to establish the existence of a liberty interest entitling him to procedural protections under federal law and there is no freestanding right to avoid disciplinary confinement. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484. Plaintiff has not alleged sufficient facts demonstrating that he was subjected to conditions which imposed atypical and significant hardship on him in comparison to ordinary prison conditions. Further, assuming that deficiency is capable of being cured through amendment, Plaintiff has not alleged any facts supporting a claim that he was deprived of a protected interest without the process he was due under federal law or that any of the named defendants were involved in that deprivation. Accordingly, Plaintiff's due process claim is not cognizable.

///

///

### 3. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). An equal protection claim may be based upon a showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class, see e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or upon a showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Although Plaintiff alleges an equal protection claim, his amended complaint is devoid of any facts supporting such a claim.

## C. State Law Claims

### 1. Violation of Title 15 Regulations

Plaintiff appears to be attempting to pursue an independent claim for relief based on the violation of section 3322 of Title 15. The violation of a state prison regulation is not redressable under section 1983, and the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations. See Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy). If Plaintiff is aware of any legal authority for the proposition that he has an independent legal claim for violation of Title 15 regulations, he may supply it. Otherwise, his legal claim premised on that ground should be omitted from the second amended complaint. Plaintiff is not without redress, as the Eighth Amendment protects him from extended confinement to quarters without the opportunity to exercise. Thomas, 611 F.3d at 1151-52.

### 2. California Constitutional Claims

Finally, Plaintiff alleges that his confinement to quarters without the opportunity to exercise violated his rights under sections 7, 17, and 24 of Article I of the California Constitution.

///

There is no private right of action for damages for violation of sections 7 or 17, Katzberg v. Regents of the University of California, 29 Cal.4th 300, 329 (2002); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009), and section 24 pertains to the rights of defendants in criminal cases.  Plaintiff's California Constitutional claims are not cognizable and should be omitted from the second amended complaint.

### III. Conclusion and Order

Plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983 or California law.  The Court will grant Plaintiff one final opportunity to amend.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's amended complaint, filed January 20, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**    **January 10, 2011**                                      /s/ Sandra M. Snyder
                                                                               UNITED STATES MAGISTRATE JUDGE